Weygandt, C. J.
 

 The important facts are not in •dispute.
 

 On September 30, '1946, the then county engineer of Belmont county died. His four-year term would not have ended until the first Monday in January, 1949.
 

 The office still was vacant when the next general •election was held November 5, 1946. Although more than thirty days had elapsed after the death of the •engineer in September, the Board of Elections of Belmont county did not cause ballots to be printed designating that office as one of those to be filled at that •election, in conformity with Section 10, General Code, which reads in part as follows:
 

 “When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the •office until his successor is elected and qualified. Unless otherwise provided by law, such successor shall be elected for the unexpired term at the first general •election for the office which is vacant that occurs more than thirty days after the vacancy shall have occurred. * * *”
 

 This statute is in harmony with Sections 1 and 2 of Article XYII of the Constitution of Ohio which con-lain the following provisions:
 

 “1. Elections for state and county officers shall be held on the first Tuesday after the first Monday in November in the even numbered years * * *.
 

 “2. * * * Every such vacancy shall be filled by •election at the first general election for the office which is vacant, that occurs more than thirty (30) days after the vacancy shall have occurred.”
 

 Although the board of elections did not comply with these mandatory provisions of the statute and Constitution, some fifty -electors nevertheless wrote sub
 
 *279
 
 stautially the following- language on their ballots at the election:
 

 “For County Engineer (unexpired term)
 

 “X
 
 W.
 
 S. Shriver.”
 

 No other person received a vote for this office.
 

 However, two days later on November 7, 1946, the respondent board of commissioners appointed one Lawrence Hayes to the office; and on the following day 'he obtained a commission from the Governor and also furnished a bond which was approved immediately by the respondent board. He likewise assumed the duties of the office the same day and has continued to hold the position.
 

 Thereafter the Board of Elections of Belmont county certified to the Secretary of State the election of the relator Shriver; and on December 3, 1946, he received from the Governor a commission for the ununexpired term. • Then several days later the relator took the oath of office and presented his commission to the respondent, board of county commissioners, together with a bond in the sum of $2,000 which was the amount required of previous county engineers. A majority of the board questioned the relator’s election and refused to approve the surety on the proffered bond or to fix a larger amount that they would accept, as provided by Section 2784, General Code.
 

 After the relator had obtained a certificate of election from the board of elections and a commission from the Governor and had duly proffered a bond, did the respondent board of county commissioners have authority to question the relator’s election to the office?
 

 The respondent relies upon the decision of this court in the case of
 
 State, ex rel. Ellis,
 
 v.
 
 Commissioners of Muskingum County,
 
 7 Ohio St., 125, in the year 1857. However, several important difficulties are encountered at once. The pertinent provisions of the
 
 *280
 
 Constitution of Ohio have since been amended. The same is true as to the statutes. And, furthermore, the question "presented in the instant case was neither raised nor decided in that case.
 

 In the'first paragraph of the syllabus in the case of
 
 Elder
 
 v.
 
 Smith, Aud.,
 
 103 Ohio St., 369, 133 N. E., 791, this court said:
 

 “A joint board of county commissioners is a mere creature of statute and has only such power and jurisdiction as are expressly conferred by statutory provision.”
 

 This is in conformity with the settled rule in this •state.
 
 State, ex rel. Bushnell, Trustee,
 
 v.
 
 Board of County Commissioners of Cuyahoga County,
 
 107 Ohio St., 465, 140 N. E., 81;
 
 State, ex rel. Stanton,
 
 v.
 
 Andrews,
 
 105 Ohio St., 489, 138 N. E., 873;
 
 Peter
 
 v.
 
 Parkinson, Treas.,
 
 83 Ohio St., 36, 93 N. E., 197, Ann. Cas. 1912A, 751;
 
 Commissioners of Mahoning County
 
 v.
 
 Railway Co.,
 
 45 Ohio St., 401, 15 N. E., 468;
 
 State, ex rel. Baen, v. Yeatman, Aud.,
 
 22 Ohio St., 546;
 
 Commissioners of Delaware County
 
 v.
 
 Andrews,
 
 18 Ohio St., 49;
 
 Beebe
 
 v.
 
 Scheidt,
 
 13 Ohio St., 406;
 
 Commissioners of Gallia County
 
 v.
 
 Holcomb,
 
 7 Ohio, pt. 1, 232; 11 Ohio Jurisprudence, 332, Section 86; 20 Corpus Juris Secundum, 850, Section 82; 7 Ruling Case Law, 938, Section 15.
 

 The respondent contends that it is under no legal •obligation to fix the amount of a bond or approve a surety unless the election was valid and the relator is entitled to hold the office. However, the respondent cites no statute conferring upon it the authority to determine either the validity or the winner of the election. Ample methods are provided by law for such a determination, but not by the county commissioners. Their authority extends no further than fixing the amount of the bond and approving the surety.
 

 
 *281
 
 The relator had obtained a certificate of election from the board of elections of his county, and the respondent was without authority to determine any question relating thereto. Likewise, he had obtained a commission from the Governor and duly presented it to the respondent together with a bond with the oath of office indorsed thereon. Did the respondent have statutory authority to question the action of the Governor in issuing the commission to the relator? None is cited, and this court finds none.
 

 The provisions of Section 2784, General Code, specially enjoin the duty upon the respondent to approve the surety on the relator’s proffered bond, or, in the alternative, to fix a different amount within the statutory limitations, in order that the relator may comply therewith.
 

 The relator’s prayer for the allowance of a writ of mandamus is allowed.
 

 Writ allowed.
 

 Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.