Hast, J.
 

 The question here presented is whether the relator was legally elected county engineer of Belmont county at the general election on November 5, 1946, and thereby superseded the respondent as an interim appointee to that office.
 

 Section 1, Article' XVII of the Constitution of Ohio, provides:
 

 “Elections for state and county officers shall be held on the first Tuesday after the first Monday in November in the even numbered years * *
 

 
 *684
 
 Section 2, Article XVII of the Constitution of Ohio,, among other things, provides:
 

 “* * * the term of office of all elective county, township, municipal and school officers shall be such even-number of years not exceeding four (4) years as may be so prescribed [by the General Assembly]. * * * “All vacancies in other elective offices [other than state except Governor and member of General Assembly] shall be filled for the unexpired term in such, manner as may be prescribed by law.”
 

 Section 10, General Code, provides:
 

 “When an elective office becomes vacant, and is-'filled by appointment, such appointee shall hold the-office until his successor is elected and qualified. Unless otherwise provided by law, such successor shall be-elected for the unexpired term, at the 'first general election for the office which is vacant that occurs more-than thirty days after the vacancy shall have occurred' * * $ ? ?
 

 Section 2782, General Code, provides:
 

 “* * * There shall be elected in each county, a.t the-regular election in 1928, and quadrennially thereafter, a county surveyor [county engineer, Section 2782-1,. General Code] who shall assume office on the first Monday in January next after his election and so shall hold said office for a period of four years.”
 

 Section 2785, General Code, provides for the filling-of á vacancy in’the office of county engineer as follows:
 

 “If a vacancy occurs in the office of county surveyor-[engineer] because of -.death, resignation or otherwise, the county commissioners shall appoint a suitable person county surveyor [engineer], who, upon giving bond and taking the oath of office as required of the county surveyor - elect, shall enter upon the discharge of the duties of the office.”
 

 Travis was the duly elected,' qualified ’ and acting;
 
 *685
 
 county engineer at the time of his death on September 30, 1946, serving a term which would have expired on the first Monday of January 1949. His death created a vacancy more than 30 days before the general election on November 5, 1946, and, under/ the provisions of Section 10, General Code, above quoted, the county engineer should have been elected on that date to fill the unexpired term of Travis. If the relator was elected to the unexpired term on that date, his term began on the date of his qualification which was accomplished on the date of the approval of the bond by county commissioners, and the respondent’s title to the office under appointment expired on that date. If, on the other hand, there was no election of county engineer at the election on November 5, 1946, the respondent held the office under appointment until the result of that election was declared by the board of elections, after which time he has held and will hold the office under a hold-over term until a successor is appointed or elected for the unexpired term ending on the first Moiiday of January 1949.
 

 The determination of the question, as to which one of the claimants'is entitled to the office, depends, ther e-fore, on the validity of the election of the relator to the office of county engineer on November 5, 1946. In this state, the duty of declaring the result of a county election aild of issuing a certificate of election to county officials rests with the county board of elections. A certificate of election is not a title to the office but a muniment or evidence of such title. See
 
 State, ex rel. La Follette,
 
 v.
 
 Kohler,
 
 200 Wis., 518, 228 N. W., 895, 69 A. L. R., 348. But a certificate of election is conclusive as to the result of an election until set aside or vacated in some manner authorized by law, and is not subject to collateral attack. 18 American Jurisprudence, 357, Section 269. A certifi
 
 *686
 
 cate of election, although not conclusive when attacked directly, is
 
 prima facie
 
 evidence of the matters stated therein. It is the. duty of the county board of elections in the first instance to canvass the vote, determine the number of votes cast for and received by any candidate and to determine the validity of any ballot as to form, regularity of marking and the extent to which it shall be counted as a valid ballot. . As to these ministerial matters, the finding of the election authorities and the certificate of election issued by them are conclusive unless directly attacked by an election contest which may be instituted under Section 4785-166
 
 et seq.,
 
 General Code, within 15 days after the declaration of the result of the election by the board of elections, as required by Section 4785-167, General Code.
 

 It is to be noted no claim is made in the defense of this action that an election of county engineer was not required at this election, or that the relator is disqualified in any respect to hold the office, except that he has not been regularly and legally elected to the office. The entire controversy grows out of the legality of his election. Furthermore, the respondent has to this moment prosecuted no election contest or any
 
 quo warranto
 
 action as a direct attack against the validity of the certificate of election or the commission to the office held by the relator.
 

 The exclusive remedy for the correction of errors, fraud or mistakes occurring in elections is the statutory remedy of contest.
 
 State, ex rel. Ingerson,
 
 v.
 
 Berry, Jr., Clerk,
 
 14 Ohio St., 315;
 
 State, ex rel. Wetmore,
 
 v.
 
 Stewart, Clerk,
 
 26 Ohio St., 216;
 
 State, ex rel. Grisell,
 
 v.
 
 Marlow,
 
 15 Ohio St., 114;
 
 Peck
 
 v.
 
 Weddell,
 
 17 Ohio St., 271. Furthermore, this court has heretofore held that a contest of election and not
 
 quo warranto
 
 is the remedy to determine the title to -.the office of one whose election has been certified and
 
 *687
 
 whose commission has been issued by proper election officials.
 
 State, ex rel. Grisell,
 
 v.
 
 Marlow, supra.
 
 See, also,
 
 Commonwealth, ex rel. McCurdy,
 
 v.
 
 Leech,
 
 44 Pa., 332. And this is especially true since Section 4785-171, General Code, provides that “if the court' find that no person was duly elected, the judgment shall be that the election be set aside.” Consequently, an ordinary, remedy at law being available, resort to proceedings in
 
 quo warranto
 
 is not proper.
 
 Mehling
 
 v.
 
 Moorehead,
 
 133 Ohio St., 395, 400, 14 N. E. (2d), 15.
 

 This court has held that
 
 quo warranto
 
 will not lie to review and set aside the determination in an election contest.
 
 State, ex rel. Felder,
 
 v.
 
 McVay,
 
 115 Ohio St., 588, 154 N. E., 810.
 

 By parity of reasoning,
 
 quo warranto
 
 will not lie to set aside an election which has become final for the reason that no contest has been instituted. It would seem to , follow that if the respondent in this action could not maintain an action in
 
 quo warranto
 
 to oust the relator from an office to which the latter had been elected, he cannot successfully maintain a defense in the instant action.
 

 In the case of
 
 State, ex rel. Keyser,
 
 v.
 
 Babst,
 
 101 Ohio St., 275, 128 N. E., 140, this court held that, where a proceeding to contest the title to an office has been instituted, a certificate of election entitles a candidate receiving it to the possession of the office until the
 
 de pire
 
 title thereto has been finally determined in such contest; and that an incumbent claiming the right of possession to an office until his successor has been elected and qualified has neither title nor, right to possession which justifies him in withholding possession from a candidate holding a certificate of election to the* office. And even if the election-contest machinery as provided by the statute fails to give an adequate remedy to nullify a certificate of election,
 
 *688
 
 such certificate does not, for that reason, fail of its purpose to invest its holder with the office to which he has been elected.
 

 To facilitate a full opportunity of the electors of this state to vote for candidates, the General Assembly, by, Section 10, Amended Substitute Senate Bill No. 216 (121 Ohio Laws, 59, 61), which was in effect on November 5, 1946, provided as follows:
 

 “If the elector desires to vote for a person whose name does not appear on the ticket, he can substitute the name by writing it in the proper place, and making a cross mark in the blank space at the left of the name so written.
 

 # # # # *
 

 “No ballot shall be rejected for any technical error which does not make it impossible to determine the voter’s choice.”
 

 The ballots east for the relator substantially complied with this statutory authorization. The electors voting for the relator made clear their intent, and the board of elections found the ballots valid and proper to be counted for the election of the relator. Its finding was not challenged by an election contest and has become final. See
 
 State, ex rel. Heck, Pros. Atty.,
 
 v.
 
 Ahlers,
 
 79 Ohio App., 311, 71 N. E. (2d), 531.
 

 The relator, having his certificate of election and his commission -to the office of county engineer still unrevoked for the unexpired term of Travis, is entitled to the writ prayed for as against the defense made by the respondent.
 

 This opinion might well close at this point without further discussion except for the claim of the respondent that, even if the election of relator were legal in other respects, the failure of the board of elections to make provision on the ballots for the election of a vcounty engineer' misled the great mass of the voters
 
 *689
 
 of Belmont county, and that as a result relator’s purported election to the office was for that reason void and of no effect.
 

 In support of this feature of the respondent’s defense, he cites the ease of
 
 Foster
 
 v.
 
 Scarf,
 
 15 Ohio St., 532, where a similar factual situation existed, but it will be noted that that case was determined through an appeal to the courts in an election contest.
 

 It is true in the instant case that the county board of elections failed to make provisions on the ballots for an election of a county engineer for the unexpired term. Nevertheless, an election of a county engineer was required by the statute, even without any action or order on the part of the board of elections, and the electors of the county were entitled to exercise their right of franchise as granted by the statute. This right could not be defeated by any failure of the election officials of the county to provide the proper machinery to express a proper choice of candidates for that office, if exercised in substantial harmony with the election laws and in a manner which gave certainty to the choice of the elector in that respect.
 

 In the case of
 
 Foster
 
 v.
 
 Scarff, supra,
 
 the election officials failed to issue, post at polling places and publish copies of a proclamation giving notice of an election and the names of all the officers to be elected at such election. The court held this was such an irregularity as to prevent an actual choice and election by the electors of anyone for an office not designated in the proclamation. The election of Foster as a write-in candidate for probate judge was directly contested in that action.
 

 The
 
 Foster case,
 
 decided in 1864, can no longer be authority, for the reason that the express mandatory statute (3 Curwen’s Statutes, 1920, Ch. 1198, Section 4, later Section 2977, Bevised Statutes, and Section
 
 *690
 
 4827, General Code), upon which it was based, has long since been repealed (113 Ohio Laws, 412 [1930]) and no proclamation or notice of the offices to be filled at elections is now required.
 

 This court fakes tbe view that to hold ballots, properly cast by electors in the exercise of their lawful right in the election of a person to a public office required by statute to be filled at a general election, void and of no effect because a great number of the electors at such election failed to avail themselves of their franchise right to vote for such official, would be a greater fraud upon the electors who east their votes than has resulted to those who neglected to ascertain and exercise their voting rights.
 

 The writ will be allowed as prayed for.
 

 Writ allowed.
 

 Weygandt, C. J., Turner, Matthias and Stewart, JJ., concur.
 

 Zimmerman and Sohngen, JJ., dissent.