Cases involving different phases of this controversy have been decided by this court in State, ex rel. Shriver, v. Boardof Commissioners of Belmont County, 148 Ohio St. 277,74 N.E.2d 248; State, ex rel. Shriver, County Engineer, v. Hayes,148 Ohio St. 681.
The court is unanimously of the opinion that the writ prayed for should issue in favor of relator commanding respondent to issue to relator warrants on the treasurer of Belmont county for the compensation provided by law for the county engineer of Belmont county, accruing from August 1, 1947, to the end of the period for which relator was elected.
As to the warrants for compensation accruing between December 12, 1946, and August 1, 1947, there is a difference of opinion among the members of this court.
In the case of State, ex rel. Cox, v. Hooper, County Aud.,137 Ohio St. 222, 28 N.E.2d 598, we held:
"Payment of salary to a de facto public officer who holds the office by color of title constitutes a valid defense to an action by a de jure officer to recover the salary when the governmental body responsible for paying the salary in no wise prevented the de jure officer from discharging the duties of the office." *Page 343 
In the case of Kirk v. Board of Commissioners of ColumbianaCounty, 137 Ohio St. 348, 30 N.E.2d 334, the court followed the holding in the case of State, ex rel. Cox, v.Hooper, County Aud., supra.
Relator phrases his question and the statement in respect thereof as follows:
"The question presented is whether plaintiff-relator asde jure elected officer to the office of county engineer can require the county to pay his salary as county engineer after he diligently did everything lawfully possible to take possession of that office.
* * * * *
"This action tests whether or not the sovereign state of Ohio will protect one of its officers, in the office to which he has been lawfully elected and qualified, from a usurper and a combination of governmental officers of the state supporting the usurper's possession of the office."
It is clear that the relator was kept out of office through the refusal of the de facto officer to surrender the office, the refusal of the county commissioners to approve relator's bond and to provide suitable offices for the relator as county engineer of Belmont county, the refusal of respondent to issue warrants for relator's compensation as such county engineer, and the advice of the prosecuting attorney of Belmont county to the de facto officer, the board of county commissioners and the respondent.
In the absence of justification for the foregoing conduct of the officers of Belmont county we would be of the opinion that the writ should issue covering warrants from December 12, 1946, on. However, the majority of this court is of the opinion that the fore. going officers of Belmont county were justified in their contest of relator's right to the office and to the warrants for the compensation belonging to the office. *Page 344 
On September 30, 1946, Grover C. Travis, then the county engineer of Belmont county, died. On November 7, 1946, the commissioners of Belmont county appointed one Lawrence L. Hayes to fill the unexpired term of the deceased county engineer. On November 8, 1946, Hayes received from the Governor a commission for the office of county engineer, Hayes then presented his commission with oath of office endorsed thereon, together with his bond, to the county commissioners. The bond was approved and Hayes entered upon the duties and functions of the office which he has since continued to perform.
At the general election in Belmont county on November 5, 1946, which was more than 30 days after the death of Travis, the board of elections of that county did not cause ballots to be printed containing the name of the office of county engineer or the names of any candidates therefor; nor did it provide adhesive slips or pasters to be attached to the ballots. Neither the relator nor any other person in his behalf filed his declaration of candidacy or a certificate to become a candidate for the office of county engineer at that election, and, relator did not request the board of elections to have the name of the office or his name printed on the ballots for election as a candidate for the office.
There were approximately 30,000 ballots cast in Belmont county at the general election on November 5, 1946. Certain electors in the county wrote in on the official ballots cast by them the designation of the office of county engineer, and, underneath such designation, the name of W.S. Shriver with a black pencil X mark in front of such name. The board of elections of Belmont county in canvassing the vote of such county at that election counted approximately 56 such ballots for the relator for the office of county engineer, and no votes were cast for any other person for that *Page 345 
office. The board of elections issued a certificate of election to the relator. No application was made for recount of the votes cast and no proceeding to contest the election of relator to the office was instituted.
On December 4, 1946, the relator received a commission from the Governor to the office of county engineer of Belmont county for the term ending the first Monday in January 1949, and relator executed his oath, tendered a bond and on December 12, 1946, qualified for such office with the exception that the county commissioners by a two to one vote refused to approve the bond.
An action in quo warranto was instituted against Lawrence Hayes, the de facto officer, in this court by the relator here, resulting in a judgment in Shriver's favor by a divided court. The opinion is to be found in the case of State, ex rel.Shriver, County Engineer, v. Hayes, supra.
In a case in mandamus instituted in this court by relator here, entitled State, ex rel. Shriver, v. Board ofCommissioners of Belmont County, supra, the commissioners of Belmont county were commanded by a unanimous court to approve the surety on relator's proffered bond, or, in the alternative, to fix a different amount within the statutory limitations in order that the relator might comply therewith.
A majority of the court is of the opinion that the officers of Belmont county who are accused of keeping relator out of his office were justified in trying out the questions of law involved and, therefore, we are of the opinion that Belmont county should not be punished for such acts of its officers but that relator herein should be relegated to his right of action against the de facto officer for the amount of the compensation paid to such de facto officer prior to August 1, 1947. See 32 Ohio Jurisprudence, *Page 346 
1035, Section 179; Restatement of Restitution, 554, Section 137; and 43 American Jurisprudence, 167, Sections 386, 387.
The facts in the case of City of Cleveland v. Luttner,92 Ohio St. 493, 111 N.E. 280, Ann. Cas. 1917D, 1134, render that case inapplicable as a precedent here.
The relator is entitled to, and there is allowed, a peremptory writ of mandamus commanding the respondent, W.T. McCort, auditor of Belmont county, to issue to the relator warrants upon the county treasurer of Belmont county for the compensation accruing to the county engineer of Belmont county for the period between August 1, 1947, and the first Monday of January 1949.
Writ allowed.
TURNER, MATTHIAS, HART, ZIMMERMAN, SOHNGEN and STEWART, JJ., Concur.
WEYGANDT, C.J., concurs in the allowance of the writ for the later period but dissents from the disallowance of the writ for the earlier period. *Page 347