THE STATE, EX REL. DAOUST ET AL., *v.* SMITH.

(No. 77-1386—Decided December 16, 1977.)

*Hayward, Cooper, Straub, Cramer & Co., L. P. A., Mr. John F. Hayward, Mr. T. Scott Johnston, Mr. Vaughn A. Hoblet* and *Mr. H. Buswell Roberts,* for relators.

*Messrs. Nusbaum, Silverman, Phillips & Wittenberg* and *Mr. Melvin G. Nusbaum,* for respondent.

*Per Curiam.* In order to be entitled to a writ of mandamus, relators must show (1) that they have a clear legal right to the relief prayed for, (2) that respondent is under a clear legal duty to perform the acts, and (3) that relators have no plain and adequate remedy in the ordinary course of the law. *State, ex rel. National City Bank,* v. *Bd. of Education* (1977), 52 Ohio St. 2d 81, 84.

Respondent admits that the duties he is refusing to perform are mandatory and ministerial. Respondent alleges that he is not, however, obligated to do what may, in his judgment, be declared void at a later time. With respect to the recent tax levy, respondent cites irregularities that deviate from statutory requirements in both the notice of election and the form of the ballot. He asserts that without a valid election, the tax anticipation notes purportedly authorized by the emergency levy may not be supported by future revenues. Respondent fears that he may be personally liable if he issues the notes and the levy is subsequently declared not valid.

We find respondent's defenses to this mandamus action to be without merit.

The levy was approved on November 8, 1977. On November 23, the election results were certified by the Board of Elections of Lucas County.

A certificate of election is conclusive as to the result of an election until set aside or vacated in some manner authorized by law, and is not subject to collateral attack. *State, ex rel. Shriver,* v. *Hayes* (1947), 148 Ohio St. 681.

Respondent's raising election irregularities in this action constitutes an improper collateral attack.

An election contest is the specific remedy provided by R. C. 3515.08 *et seq.* for the correction of all errors, frauds and mistakes which may occur at an election. *Haynes, supra.* This remedy is specific and exclusive. *State, ex rel. Commrs. of the Sinking Fund,* v. *Brown* (1957), 167 Ohio St. 71, 75.

Respondent's position is not as awkward as he alleges. R. C. 3515.09 provides that an election contest action must be filed "within fifteen days after the results * * * have been ascertained and announced by the proper authority."

The public interest in having election contests speedily determined requires promptitude. *Jenkins* v. *Hughes* (1952), 157 Ohio St. 186, 190. Compliance with the statutory limitation is a jurisdictional requirement, and a failure to file within that period sets up a bar to an election contest. See *McCall* v. *Bd. of Education* (1959), 169 Ohio St. 50; *Jenkins* v. *Hughes, supra.*

No election contest has apparently been filed, and the time limitation imposed by R. C. 3515.09 has expired. Respondent's reluctance and refusal to issue the notes are unfounded and improper. Respondent's action disenfranchises the majority of the participating electors within the district who approved the school tax levy.

Relators are entitled to have respondent perform his legal duties, and, as they have no remedy in the ordinary course of the law, the writ of mandamus is allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.