ROMEO ET AL., APPELLEES, *v.* BOARD OF
COUNTY COMMISSIONERS, APPELLANT.

(No. S-77-33—Decided May 12, 1978.)

*Mr. Frank H. Bennett,* for appellees.
*Mr. John D. Shimp,* prosecuting attorney, for appellant.

BROWN, J. Plaintiffs-appellees, James Romeo and Fiser Funeral Home, brought suit against defendant-appellant, the Board of County Commissioners of Sandusky County, to enjoin the use of the Sandusky County Emergency Medical Service ambulances for transfer and invalid coach service, and to enjoin the expenditure of county funds to provide such services. Plaintiffs alleged that the providing of these ambulance services by the county interfered with their livelihood. One aspect of Fiser's business was to provide such services, and Romeo was an ambulance operator for Fiser.

The trial court found that the board of county commissioners was without authority to operate or expend public funds for the operation of any transfer or invalid coach service, and granted the injunction sought.

The board of county commissioners appealed, assigning the following as error:

"The court erred in not allowing defendants, the Board of County Commissioners of Sandusky County, Ohio, to operate an ambulance service and emergency medical service, which entails invalid coach service and transfer coach services."

Boards of county commissioners have only such powers as

are conferred upon them by statute. *State, ex rel. Shriver,* v. *Bd. of Commrs.* (1947), 148 Ohio St. 277; 14 Ohio Jurisprudence 2d 258, 259, Counties, Sections 81 and 82. R. C. 307.051 authorizes a board of county commissioners to provide ambulance or emergency medical services. This section is qualified by R. C. 4731.82(D), which defines "ambulance" as follows:

"***[A]ny motor vehicle that is used, or is intended to be used, for the purpose of responding to emergency, life-threatening situations, providing emergency medical service, the transportation of emergency patients and the administration of emergency care procedures to such patients***."

These statutes do not authorize the board of county commissioners to provide ambulance services for non-emergency patients. Therefore, the assignment of error is not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Court of Common Pleas of Sandusky County is affirmed.

*Judgment affirmed.*

POTTER, P. J., and WILEY, J., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.