GOEBEL'S EMERGENCY MEDICAL SERVICE, INC., APPELLANT, *v.* BOARD OF COMMISSIONERS OF SANDUSKY COUNTY, APPELLEE.

---

(No. S-88-42—Decided June 9, 1989.)

*Dennis Eberly,* for appellant.

*John Meyers,* prosecuting attorney, and *Ronald J. Mayle,* for appellee.

HANDWORK, P.J. This is an appeal from the Sandusky County Court of Common Pleas. Appellant, Goebel's Emergency Medical Service, Inc. ("GEMS"), filed a complaint against appellee, the Board of Commissioners of Sandusky County ("county commissioners"), seeking an injunction and damages. GEMS alleged that the county commissioners have provided in the past, and continue to provide, ambulance service to non-emergency patients in violation of R.C. 307.05. The trial court granted summary judgment in favor of the county commissioners and GEMS appealed with one assignment of error:

"The trial court committed error prejudicial to appellant in granting appellee's motion for summary judgment."

R.C. 307.05 states in part: "A board of county commissioners may provide *ambulance service* or emergency medical service * * *." (Emphasis added.) This statute does not require that the allowed ambulance service be provided only to *emergency* patients. However, at least one court in Ohio has said that R.C. 307.05 must be read in conjunction with R.C. 3303.08(D), which defines the word "ambulance":

"Boards of county commissioners have only such powers as are conferred upon them by statute. * * * R.C. 307.051 [now R.C. 307.05] authorizes a board of county commissioners to provide ambulance or emergency medical services. This section is qualified by R.C. 4731.82(D) [now R.C. 3303.08(D)], which defines 'ambulance' as follows:

" '* * * [A]ny motor vehicle that is used, or is intended to be used, for the purpose of responding to emergency, life-threatening situations, providing emergency medical service, the transportation of emergency patients and the administration of emergency care procedures to such patients * * *.'

"These statutes do not authorize the board of county commissioners to provide ambulance services for non-emergency patients." *Romeo* v. *Bd. of Cty. Commrs.* (1978), 64 Ohio App. 2d 269, 269-270, 18 O.O. 3d 231, 413 N.E. 2d 1210, 1211.

Therefore, reading R.C. 307.05 in conjunction with R.C. 3303.08(D), the county commissioners may provide ambulance service only to emergency patients.

GEMS argues that the trial court erred in granting summary judgment to the county commissioners because the definition of an "emergency patient" is unsettled in Ohio law and, depending on the definition of that term, it was a question of fact for a jury whether the county commissioners had been providing services to non-emergency patients.

The trial court held that the "definition of an emergency patient is a patient who requires emergency medical care, as a result of serious illness or injury, prior to receiving professional medical care or hospitalization. It is not necessary that the serious illness or injury be life-threatening." GEMS contends that an "emergency patient" is one whose condition is life-threatening. "Emergency" is defined as "a sudden or unexpected occurrence * * * demanding prompt action; urgent necessity * * *." Webster's New Universal Unabridged Dictionary (2 Ed. 1983) 593. We find that the trial court did not err in its definition of an "emergency

patient" and it was within that court's power to decide what that definition is, absent a statutory definition or a definition from a higher court in Ohio.

We now turn to GEMS's contention that it was error for the trial court to rule that there was no question of fact regarding whether the patients to which the county commissioners provided ambulance service were emergency patients. Civ. R. 56(C) states that summary judgment may not be granted if, construing the evidence most strongly in the non-moving party's favor, there are genuine issues of material fact to be resolved.

The trial court had before it several "run sheets" from Sandusky County's ambulance service. The run sheets documented the following ambulance service to patients:

1. A thirty-one-year-old patient who had not eaten and not taken his insulin for twelve hours and was feeling light-headed.

2. A twenty-two-year-old patient who had been involved in a rear-end collision auto accident.

3. A seventy-six-year-old patient who had passed out while going out to get his paper.

4. A forty-seven-year-old patient who asked to be committed to the mental hospital before he hurt somebody.

5. A seventy-three-year-old patient with neck and muscle spasms.

6. A thirty-year-old patient in an auto accident complaining of pain in the back of her neck.

7. A thirty-seven-year-old patient who was "clipped" by a car and complaining of pain in the hip area.

8. A fifty-year-old patient in an auto accident complaining of right-hand and right-rib pain.

9. A forty-year-old patient recently released from Bellevue Mental Hospital, emotionally upset and who had been drinking.

10. A twenty-eight-year-old patient involved in an auto accident, complaining of right-rear flank pain.

11. A thirty-eight-year-old patient complaining of body aches, nausea and vomiting, diarrhea, fever and rash.

12. A twenty-nine-year-old patient in an auto accident complaining of pain in the right leg, elbow and thumb.

13. A forty-six-year-old patient in an auto accident complaining of pain in the left side of the back.

14. A seventeen-year-old patient cut with a table saw.

15. A fifty-year-old patient in an auto accident complaining of pain in the neck and head.

The trial court found "that in each of the instances covered by these run sheets, there was an emergency or an illness which appeared to require emergency medical care."

We cannot say that the trial court erred in finding that there was no genuine issue of fact and that these run sheets documented "emergency patients" as defined by the trial court in its decision. We therefore find appellant's assignment of error not well-taken.

On consideration whereof the court finds substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

ABOOD, J., concurs.

CONNORS, J., dissents.

CONNORS, J., dissenting. I respectfully dissent. In reviewing the record of this case, I find that there was a genuine issue of material fact concerning whether the run sheets documented

emergency patients. I would therefore find appellant's assignment of error well-taken, reverse the judgment of the trial court and remand the case for further proceedings.