THE STATE EX REL. MACKEY ET AL., APPELLANTS, *v.*
BLACKWELL, SECY. OF STATE, ET AL., APPELLEES.

[Cite as *State ex rel. Mackey v. Blackwell,*
106 Ohio St.3d 261, 2005-Ohio-4789.]

(No. 2005–0085—Submitted June 28, 2005—Decided September 28, 2005.)

**Per Curiam.**

{¶ 1} This is a direct appeal from a judgment dismissing a complaint for a writ of mandamus. The writ was requested to prevent disenfranchisement of voters who voted by provisional ballot at the November 2, 2004 general election.

{¶ 2} On October 29, 2004, appellee J. Kenneth Blackwell, the Secretary of State of Ohio, issued Directive 2004–48 to all Ohio county boards of elections. In that directive, Blackwell specified the requirements for counting provisional ballots in the official election canvass. Under the Help America Vote Act, Section 15301 et seq., Title 42, U.S.Code ("HAVA"), a person is permitted to cast a provisional ballot if the person's name does not appear on the list of eligible voters for the polling place or if an election official asserts that the person is not eligible to vote. Section 15482(a), Title 42, U.S.Code.

{¶ 3} On November 2, 2004, a general election, which included the presidential election, was held in the state of Ohio. In Cuyahoga County, Ohio, over 24,400 provisional ballots were cast. Unlike regular ballots, which are cast and then immediately counted, provisional ballots are paper ballots sealed in envelopes for subsequent review. After the election, officials must determine whether provisional ballots will be counted. See, e.g., Section 15482(a)(4), Section 42, U.S.Code.

{¶ 4} On November 5, 2004, Secretary of State Blackwell issued Directive 2004–55 to the county boards of elections. In Directive 2004–55, Secretary of

State Blackwell advised that a signed affirmation statement was necessary for a provisional ballot to be counted.

{¶ 5} Appellants Perris J. Mackey and Colleen Pirie are Cuyahoga County electors who voted by provisional ballot in the November 2, 2004 election. According to Mackey and Pirie, their votes were not counted by Cuyahoga County election officials. Appellant People for the American Way Foundation ("American Way") is a corporation whose self-described mission is to "promote civic participation, freedom of thought, expression, and religion, a sense of community, and tolerance for others," which it "accomplishes * * * through the non-partisan education and registration of voters." American Way engaged in voter-registration efforts in minority communities throughout Ohio for the November 2, 2004 election and cosponsored postelection public hearings in Ohio concerning the alleged obstruction of voters' rights during the election.

{¶ 6} On November 26, 2004, appellants, Mackey, Pirie, and American Way, filed a complaint in the Court of Appeals for Cuyahoga County against appellees, Secretary of State Blackwell and the Cuyahoga County Board of Elections and its Director, Michael Vu. Appellants sought an "emergency peremptory writ of mandamus to prevent the disenfranchisement of the individual Relators and thousands of Cuyahoga County voters caused by the unlawful conduct of the Ohio Secretary of State and the Cuyahoga County Board of Elections * * * and its Director."

{¶ 7} More specifically, appellants requested a writ of mandamus directing Blackwell to issue an order and the board and Vu to implement an order (1) "prohibiting the invalidating of provisional ballots" on certain specified grounds and (2) "notifying each voter whose provisional ballot is at risk of being or has been invalidated for any reason" of the reason for the rejection and the procedure to contest the invalidation. Appellants further requested that if the voters established that election precinct officials failed to notify them that they were at an incorrect precinct and to direct them to the correct precinct, the ballots would be counted in the official election results. Appellants claimed entitlement to this extraordinary relief based upon alleged violations of R.C. 3503.13, the Voting Rights Act (Section 1971(a)(2)(B), Title 42, U.S.Code), HAVA, the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and R.C. Chapter 2506.

{¶ 8} On December 8, 2004, appellants moved for expedited consideration of their complaint for an emergency peremptory writ of mandamus.

{¶ 9} The court of appeals ordered the parties to brief the issue whether a federal civil-rights action under Section 1983, Title 42, U.S.Code, constituted an adequate remedy in the ordinary course of law. After the parties submitted briefs on the issue, the court of appeals dismissed appellants' complaint. The

court of appeals held that appellants had failed to establish any clear legal right or duty under R.C. 3503.13. The court of appeals further held that appellants' federal claims could be adequately raised in a Section 1983 action.

{¶ 10} This cause is now before the court upon an appeal as of right from the court of appeals' judgment.

{¶ 11} Appellants assert that the court of appeals erred in dismissing their mandamus complaint. Dismissal of the complaint was warranted if appellants' mandamus claims were obviously without merit. See, e.g., *Evans v. Klaeger* (1999), 87 Ohio St.3d 260, 261, 719 N.E.2d 546; *State ex rel. Thompson v. Spon* (1998), 83 Ohio St.3d 551, 553, 700 N.E.2d 1281.

{¶ 12} Applying this standard to appellants' claims, we hold that the court of appeals properly dismissed the complaint for the following reasons.

{¶ 13} Appellants sought relief in the nature of a declaratory judgment and prohibitory injunction. "In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704. Although in some respects appellants couched their request for extraordinary relief in mandamus in terms of compelling certain actions, "we must examine [their] complaint 'to see whether it actually seeks to prevent, rather than to compel, official action.'" *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.* (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012, quoting *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.* (1989), 42 Ohio St.3d 164, 166, 538 N.E.2d 105.

{¶ 14} A review of appellants' complaint and other filings establishes that they actually seek (1) a declaratory judgment that the Secretary of State's and board's actions violated R.C. 3503.13, R.C. Chapter 2506, and federal law and (2) a prohibitory injunction preventing election officials from invalidating certain provisional ballots in violation of R.C. 3503.13, R.C. Chapter 2506, and federal laws.

{¶ 15} For example, in their complaint, appellants requested a writ of mandamus "to *prevent* the disenfranchisement of the individual Relators and thousands of Cuyahoga County voters" and to direct appellees to implement orders "*prohibiting* the invalidating of provisional ballots." (Emphases added.) And in appellants' memorandum in support of their motion for expedited consideration, they specified that they sought "a writ of mandamus against Respondents Ohio Secretary of State, J. Kenneth Blackwell, the Cuyahoga County Board of Elections, and its Director, Michael Vu, *preventing* invalidation of provisional ballots." (Emphasis added.) See, e.g., *State ex rel. Essig v. Blackwell*, 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 20 (citing—as evidence that relators actually sought a prohibitory injunction—relators' memorandum in support of

their mandamus claim, specifying that the writ should issue to *bar* acceptance of certain petitions and placement of an initiative on the ballot).

{¶ 16} Therefore, the true objective of appellants' mandamus claim is to prevent election officials from invalidating provisional ballots relating to the November 2, 2004 election. Consequently, neither the court of appeals nor this court has jurisdiction over the mandamus claim and must dismiss it. *State ex rel. Leslie v. Ohio Hous. Fin. Agency,* 105 Ohio St.3d 261, 2005-Ohio-1508, 824 N.E.2d 990, ¶ 50.

{¶ 17} Moreover, insofar as appellants sought to change any of the November 2, 2004 election results, "[a]n election contest is the specific remedy provided by statute for the corrections of all errors, frauds and mistakes which may occur in an election." *State ex rel. Shriver v. Hayes* (1947), 148 Ohio St. 681, 36 O.O. 277, 76 N.E.2d 869, paragraph two of the syllabus; *State ex rel. Byrd v. Summit Cty. Bd. of Elections* (1981), 65 Ohio St.2d 40, 19 O.O.3d 230, 417 N.E.2d 1375, paragraph one of the syllabus. This remedy is exclusive. *State ex rel. Daoust v. Smith* (1977), 52 Ohio St.2d 199, 200, 6 O.O.3d 457, 371 N.E.2d 536.

{¶ 18} Although appellants contend that it was never their objective to change the outcome of any election, their argument in the court of appeals belies their present assertion. In the memorandum in support of their motion for expedited consideration, appellants specified that the provisional ballots could change the outcome of some of the races in the November 2, 2004 election:

{¶ 19} "A number of Cuyahoga County races have smaller margins of victory than the number of rejected provisional ballots in the county or other electoral unit. In some of those races, the margin is so small that automatic recounts have been triggered, and are to take place this week, and *it is possible that provisional ballots could literally determine the outcome of an election.*" (Emphasis added.)

{¶ 20} Therefore, appellants should have brought election-contest actions to challenge the election results they sought to change. *Byrd* and *Shriver.*

{¶ 21} Furthermore, appellants had an adequate remedy in the ordinary course of the law by way of a Section 1983 federal civil-rights action to raise their federal-law claims. See *State ex rel. Leach v. Schotten* (1995), 73 Ohio St.3d 538, 541, 653 N.E.2d 356; *State ex rel. Wilson–Simmons v. Lake Cty. Sheriff's Dept.* (1998), 82 Ohio St.3d 37, 43, 693 N.E.2d 789. Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law. *State ex rel. Ross v. State,* 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553, ¶ 5; R.C. 2731.05. "The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law." *State ex rel. Ullmann v. Hayes,* 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8. "Section 1983 constitutes an adequate remedy, since it can provide declaratory, injunctive (both mandatory and prohibi-

tive), and/or monetary relief." *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560, 653 N.E.2d 371, citing 1 Schwartz & Kirklin, Section 1983 Litigation: Claims, Defenses, and Fees (2d Ed.1991) 830, Section 16.1.

{¶ 22} Thus, appellants are not entitled to a writ of mandamus concerning their federal-law claims. Nevertheless, because Section 1983 does not encompass official conduct violating only state law, appellants' claims concerning R.C. 3503.13 and R.C. Chapter 2506 were not barred by the availability of a claim under Section 1983. See *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306 ("in that Carter's petitions may be construed to raise violations of both state statutes, R.C. 2921.45 and 2921.44(C)(2), as well as state constitutional provisions, Section 1983 could not provide an adequate legal remedy, since these alleged violations would not necessarily deprive Carter of any federal rights"). But appellants' claim under R.C. 3503.13, which concerns the registration records to be used by election officials to verify eligibility of persons to vote, is without merit because they sought prohibitory injunctive relief—to *prevent* election officials from invalidating provisional ballots. Their claim under R.C. Chapter 2506 also lacks merit. R.C. 2506.01 permits appeals only from quasi-judicial proceedings and not from determinations by election officials concerning whether to count certain ballots after an election has concluded. See, e.g., *State ex rel. Painesville v. Lake Cty. Bd. of Commrs.* (2001), 93 Ohio St.3d 566, 571, 757 N.E.2d 347.

{¶ 23} Finally, we need not consider appellees' remaining claims of mootness and laches in resolving this appeal. Our holding renders these claims moot. See, e.g., *Essig,* 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 33.

{¶ 24} Therefore, because appellants' claims were either improper in mandamus or precluded by the availability of an adequate legal remedy, the court of appeals properly dismissed their complaint. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Jillian S. Davis; People for the American Way Foundation, Elliot M. Mincberg, and Alma C. Henderson, for appellants.

Jim Petro, Attorney General, Arthur J. Marziale Jr., Richard N. Coglianese, and Damian W. Sikora, Assistant Attorneys General, for appellee J. Kenneth Blackwell.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Elections and Michael Vu.