Per Curiam.
{¶ 1} The Delaware Joint Vocational School District Board of Education seeks a writ of mandamus to compel Ohio Tax Commissioner Joseph Testa to apply *635 reduction factors and calculate the tax rates on a levy that the school district sought to renew in 2015. To obtain a writ of mandamus, the board of education must establish a clear legal right to the relief requested and a clear legal duty on the part of the tax commissioner to act, and it must demonstrate that no adequate remedy at law exists. Ohio law requires the tax commissioner to apply reduction factors and calculate tax rates with respect to each tax “authorized to be levied by each taxing district.” R.C. 319.301(D). In this case, because no proper certification of the multicounty election has been presented to the tax commissioner demonstrating that the tax is “authorized to be levied,” the tax commissioner does not have a clear legal duty to apply reduction factors and calculate tax rates for this levy. Accordingly, we deny the requested writ of mandamus.
Facts and Procedural History
{¶ 2} The facts in this case are not in dispute. The Delaware Joint Vocational School District provides career and technical education for students who live in Delaware County and portions of Franklin, Marion, Morrow, and Union Counties. Because the ten-year, 1.7-mill levy funding the school district was set to expire on December 31, 2016, the school board passed a resolution in July 2015 to submit a renewal levy to voters at the November 2015 general election.
{¶ 3} In accord with Article XII, Section 2 of the Ohio Constitution, the General Assembly enacted R.C. 3311.21(A), which permits the board of education of a joint vocational or cooperative education school district to submit a tax levy in excess of the ten-mill limitation to the voters of that district. After the school board certifies its resolution to “the board of elections of the county containing the most populous portion of the district,” the board of elections
shall * * * send [the resolution] to the boards of elections of each county in which territory of the district is located, * * * and the board of elections of each county in which the territory of such district is located shall make the other necessary arrangements for the submission of the question to the electors of the joint vocational or cooperative education school district.

Id.

{¶ 4} Pursuant to that requirement, the school board certified its renewal levy to the board of elections in Delaware County. However, the Delaware County Board of Elections did not send the resolution to the boards of elections in Franklin, Marion, Morrow, and Union Counties. And, on the reporting form that it filed with the secretary of state on August 25, 2015, the Delaware County Board of Elections erroneously indicated that there were no “overlapping coun *636 ties” involved in the election, and it therefore failed to name the other counties that should have been listed. As a result, at the November 2015 general election, the renewal levy did not appear on the ballots of electors residing within the district in Franklin, Marion, Morrow, and Union Counties.
{¶ 5} R.C. 3501.05(G) provides that “[t]he secretary of state shall * * * [djetermine and prescribe the forms of ballots and the forms of all * * * certificates of election, and forms and blanks required by law for use by * * * boards,” and R.C. 3501.11(M) states that each board of elections shall “[i]ssue certificates of election on forms to be prescribed by the secretary of state.” (Emphasis added.)
{¶ 6} Pursuant to these statutes, the secretary of state prescribed Form 5-U, “Certification of Official Results by Most Populous County for Local Questions and Issues,” for county boards of elections to use in certifying the results of multicounty elections, and the current version of that form has been in use since July 2013. The secretary of state’s Ohio Ballot Questions and Issues Handbook issued in May 2015 provides, “After the most populous county has received the official certification of results from each of the less populous counties, the populous county must provide an official certification to the Secretary of State’s office that clearly lists the final vote totals of each county in the district or jurisdiction.” (Emphasis added.) A footnote in this directive refers to Form 5-U as the official certification prescribed by the secretary of state. For all tax levies, the board of elections of the most populous county must certify the election results to the tax commissioner, the fiscal officer of the subdivision where the election was held, and the county auditor of each affected county. See R.C. 5705.25(D), 5748.08(F), 5705.211(D), 5705.218(E), and 3318.07; see also R.C. 133.18(G).
{¶ 7} On November 20, 2015, the Delaware County Board of Elections purported to certify the election result using Form 125, which reported only the result of the levy vote in Delaware County, instead of using Form 5-U, which the secretary of state had prescribed for certifying the election results in a multi-county election.
{¶ 8} Also relevant here is R.C. 319.301(D)(1), which directs that for each tax “authorized to be levied,” the tax commissioner shall apply tax reduction factors in order to limit increases of tax revenues that would otherwise occur due to the inflation of property values over the life of the levy. See generally State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 21. R.C. 319.301(D)(2) further directs the tax commissioner to certify the percentage that the tax would have to be reduced on the property to be taxed to the county auditor in each county in which territory of the district is located, who then shall reduce the sum to be *637 levied on the property subject to it. And R.C. 319.301(G) specifies that in calculating this reduction, the tax commissioner “may order a county auditor to furnish any information the commissioner needs to make the determinations required under division (D) or (E) of this section, and the auditor shall supply the information in the form and by the date specified in the order.”
{¶ 9} In February 2016, the school board approved an alternative tax budget for 2017 that included funds raised by the levy and submitted it to the Delaware County Budget Commission and the Delaware County Auditor. The county auditor then delivered the abstract of tax rates to the tax commissioner in December 2016 to apply the reduction factors and calculate the tax rate for the school district.
{¶ 10} In 2016, the tax commissioner had directed county auditors to submit Form 5-U with the abstract when a levy had been proposed to voters in multiple counties. On December 8, 2016, the Delaware County Auditor discovered, however, that his office did not have a copy of Form 5-U, and it became evident that the Delaware County Board of Elections had not certified the results of the levy using that form. Although the auditor submitted the certificate of election that the Delaware County Board of Elections had issued, the tax commissioner excluded the levy on the list of tax rates certified for collection to the county auditors in the five counties with territory in the school district because the Delaware County Auditor had not submitted the result of the multicounty school district election using Form 5-U. As a result, the levy was not included on the property-tax bills sent to property owners in the school district for the first half of tax year 2016 (payable in 2017).
{¶ 11} The school board brought this mandamus action to compel the tax commissioner to apply the reduction factors and calculate the tax rates for the levy. It maintains that the tax commissioner has no authority to question the validity of an election that has been certified by the board of elections and that the certificate of election issued by the Delaware County Board of Elections is “conclusive” of the levy’s passage unless it is set aside or vacated in a manner authorized by law. And, it argues, because the tax commissioner has a mandatory ministerial duty to apply reduction factors and calculate tax rates, it has a clear legal right to the performance of that duty.
Law and Analysis

Mandamus

{¶ 12} To be entitled to a writ of mandamus, a relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an *638 adequate remedy in the ordinary course of the law. State ex rel. Waters v. Spaeth, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13.
{¶ 13} Even when the duty is ministerial, Ohio law may confer discretion on the official in deciding the manner of performing that duty. Zupancic v. Wilkins, 10th Dist. Franklin No. 08AP-472, 2009-Ohio-3688, 2009 WL 2232195, ¶ 24, citing Ashland Cty. Bd. of Commrs. v. Ohio Dept. of Taxation, 63 Ohio St.3d 648, 656, 590 N.E.2d 730 (1992). The exercise of discretion conferred by statute cannot be controlled by mandamus “unless an abuse thereof is clearly shown.” State ex rel. Foster v. Miller, 136 Ohio St. 295, 304, 25 N.E.2d 686 (1940).

Certifying the Election Results

{¶ 14} Here, the use of Form 5-U to certify the election results as prescribed by the secretary of state would have revealed that the levy was invalid because it had not been submitted to voters in Franklin, Marion, Morrow, and Union Counties as required by law. But the Delaware County Board of Elections did not use Form 5-U to certify the election results to the tax commissioner, and he did not have the information to conclude that the tax had been authorized to be levied. Because the levy was never submitted to the electors in Franklin, Marion, Morrow, and Union Counties and because the results of the election were never properly certified to the tax commissioner, he could not determine that the tax had been authorized to be levied as required by R.C. 319.301(D) and therefore had no clear legal duty to apply the reduction factors and calculate the tax rates for this levy.
State ex rel. Daoust v. Smith
{¶ 15} State ex rel. Daoust v. Smith, 52 Ohio St.2d 199, 371 N.E.2d 536 (1977), which the school board relies upon, is distinguishable on its facts. There, the clerk-treasurer of the Toledo public schools had refused to sign tax anticipation notes following the passage of a levy based upon irregularities in “the notice of election and the form of the ballot.” Id. at 200. We issued a writ of mandamus to compel the clerk-treasurer to sign the notes, reasoning that an election contest brought pursuant to R.C. 3515.08 et seq. was the proper manner to challenge the election results. Because there was no evidence that an election contest had been filed within 15 days “after the results of [the] * * * election [had] been ascertained and announced by the proper authority,” R.C. 3515.09, the board of elections’ certification of the election results was conclusive. Id. at 201.
{¶ 16} In contrast, here, the Delaware County Board Of Elections has not certified the results of the election in each of the counties of the multicounty school district, and there has not been a valid election result “ascertained and announced by the proper authority” pursuant to R.C. 3515.09. Absent certifica *639 tion of the multicounty election, the tax commissioner has no legal documentation demonstrating that the tax has been “authorized to be levied” under R.C. 319.301(D). Thus, the tax commissioner has no clear legal duty to apply the reduction factors and calculate the tax rates for the levy.
Conclusion
{¶ 17} Upon receipt of a resolution from the Delaware Joint Vocational School District Board of Education for renewal of its levy, the Delaware County Board of Elections failed to send the resolution to the boards of elections in Franklin, Marion, Morrow, and Union Counties, which are part of the joint vocational school district, and the levy was never voted on in those counties, but it did appear on the ballot and passed in Delaware County. In addition, the Delaware County Board of Elections did not certify the election results using the form prescribed by the secretary of state and failed to list the final vote totals of each county in the school district.
{¶ 18} The statutory obligation of the tax commissioner to apply the reduction factors and calculate the tax rates in multicounty districts arises for a tax that has been “authorized to be levied.” Here, because the election results have not been properly certified to the tax commissioner, he could not determine that the tax had been authorized to be levied; thus, he has no clear legal duty to apply the reduction factors and calculate the tax rates for this levy.
{¶ 19} Accordingly, the school district has no clear legal right to relief and the tax commissioner has no clear legal duty to act, and the requested writ of mandamus is denied.
Writ denied.
O’Donnell, Kennedy, O’Neill, and DeWine, JJ., concur.
O’Connor, C.J., dissents, with an opinion joined by French and Fischer, JJ.