**SMITH, Appellant,**

**v.**

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.**

[Cite as *Smith v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 713.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95API08–958.

Decided Dec. 21, 1995.

*Leon E. Smith, pro se.*

*Betty D. Montgomery,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for appellee.

---

LAZARUS, Judge.

Plaintiff-appellant, Leon E. Smith, appeals from a judgment of the Court of Claims of Ohio, dismissing his complaint for failure to comply with a court order to pay the $25 filing fee. As a preliminary matter, we note that appellant has failed to conform to App.R. 16(A)(3), which requires a statement of the assignments of error presented for review. In the interest of fairness, however, this court will address appellant's arguments contained in his brief.

Appellant is an inmate at the Warren Correctional Institution. His complaint alleged that the state's security classification of prisoners is overbroad. At the time he filed his complaint, appellant also submitted an affidavit of indigency, stating that he was without funds to pay the filing fee and other costs. He stated that he received $18 a month from the state, which he used for personal hygiene products. The trial court found that appellant had access to funds necessary to pay the $25 filing fee and ordered appellant to pay the fee by June 30, 1995, or the case would be dismissed.

On July 11, 1995, the trial court filed an entry of dismissal, dismissing appellant's complaint under Civ.R. 41 for failure to comply with the above order. Appellant argues that the trial court should have requested additional information from appellant regarding his indigency and that appellant was not given reasonable time to prove his indigency.

Loc.R. 2(B) of the Court of Claims of Ohio states:

"Poverty affidavit. The clerk shall accept for filing all claims accompanied by a poverty affidavit which states specific reasons for the inability to pay the deposit to secure costs. * * * The clerk or the court *may* at any time require additional information and a hearing, or both, to determine the validity of the poverty affidavit." (Emphasis added.)

Loc.R. 2(B) gives the trial court discretion whether to request additional information regarding the poverty affidavit. The trial court here found appellant's affidavit sufficient to make a decision on appellant's ability to pay the filing fee. The fact that appellant received eighteen dollars per month, which he stated he used for personal hygiene, was, in the trial court's view, enough to require appellant to pay the filing fee. When appellant failed to do so, the trial court dismissed the complaint pursuant to Civ.R. 41.

Civ.R. 41(B)(1) addresses involuntary dismissal and states:

"Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

A trial court's ruling under Civ.R. 41(B) will not be reversed absent an abuse of discretion. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199. Abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unconscionable, or unreasonable. *Id.* at 91, 1 OBR at 126–127, 437 N.E.2d at 1201.

In general, courts waive filing fees and costs of indigent individuals in order to promote the interest of justice. See *In re Sindram* (1991), 498 U.S. 177, 178–82, 111 S.Ct. 596, 597–598, 112 L.Ed.2d 599. In this case, the trial court has not abused its discretion or infringed unconstitutionally on appellant's access to the court by requiring him to pay a modest filing fee.[1] Appellant is currently incarcerated and, thus, living at taxpayer expense. He does earn a small monthly income. If appellant has a genuine claim which he wishes to present *pro se,* he can save his income to file it, as most other litigants are required to do. See *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.* (1995), 100 Ohio App.3d 592, 600, 654 N.E.2d 443, 448–449. Finding no abuse of discretion, we reject appellant's arguments.

For these reasons, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and McCORMAC, J., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

---

1. We note that, after appellant's complaint was dismissed, he submitted a second affidavit of indigency setting forth more specifically how his eighteen dollars per month was spent. While we cannot say that the trial court's decision would or should have been different had this information been before the court, there was no abuse of discretion given what was properly before the court.