KARMASU, Appellant,

v.

WILKINSON et al., Appellees.

[Cite as *Karmasu v. Wilkinson* (1996), 115 Ohio App.3d 737.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–03–021.

Decided Nov. 25, 1996.

*Maharathah Karmasu, pro se.*

*Betty D. Montgomery,* Attorney General, and *Dolores J. Hildebrandt,* Assistant Attorney General, for appellees.

---

POWELL, Judge.

Plaintiff-appellant, Maharathah Karmasu, is currently incarcerated at the Southern Ohio Correctional Facility in Lucasville, Ohio. On January 25, 1993, appellant brought suit in the Warren County Court of Common Pleas against the Director of the Ohio Department of Rehabilitation and Correction, Reginald Wilkinson, and numerous other public officials connected with the Ohio penal system ("appellees"). Appellant's complaint alleged that appellees violated his fundamental rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

On January 9, 1996, appellees filed a motion to revoke appellant's *in forma pauperis* status because appellant had previously filed thirty-seven other lawsuits based upon the same essential allegations. The trial court found that the allegations contained in appellant's complaint were wholly frivolous and that appellant had filed numerous other "vexatious" lawsuits while incarcerated. The trial court revoked appellant's *in forma pauperis* status and ordered appellant to pay $274.43 in costs by February 2, 1996.

Appellant subsequently failed to pay the necessary costs and his complaint was dismissed by the trial court for lack of prosecution pursuant to Civ.R. 41(B)(1). Appellant now appeals, setting forth seven assignments of error, all of which essentially contend that the trial court erred in revoking his *in forma pauperis* status and in dismissing his complaint.

A court may revoke an inmate's *in forma pauperis* status where he has abused the judicial process by repeatedly filing frivolous and vexatious pleadings that are imposed solely to harass and hinder the defendants in the exercise of their duties. See *In re Sindram* (1991), 498 U.S. 177, 180, 111 S.Ct. 596, 598, 112 L.Ed.2d 599, 604–605; *In re McDonald* (1989), 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158, 165–166; *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.* (1995), 100 Ohio App.3d 592, 600, 654 N.E.2d 443, 448–449. Civ.R. 41(B)(1) further permits a court to dismiss an inmate's complaint for lack of prosecution where the inmate has been denied *in forma pauperis* status and he has failed to pay the necessary costs and filing fees. *Smith v. Ohio Dept. of Rehab. & Corr.* (1995), 107 Ohio App.3d 713, 715, 669 N.E.2d 342, 343–344.

Our review of the record indicates that the allegations contained in appellant's complaint do not set forth any cognizable claim which would entitle appellant to relief. The record also indicates that appellant has filed this suit and at least thirty-seven other nearly identical actions for the sole purpose of hindering appellees in the performance of their duties. Therefore, the trial court did not err in revoking appellant's *in forma pauperis* status and in dismissing appellant's complaint for lack of prosecution after appellant failed to pay the costs assessed in a timely manner. Appellant's seven assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.