THE STATE EX REL. FORSYTH, APPELLANT, *v.* BRIGNER, JUDGE, APPELLEE.

[Cite as *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 71.]

(No. 99–165—Submitted May 4, 1999—Decided July 7, 1999.)

*M. Wayne Forsyth,* pro se.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *John F. Krumholtz,* Assistant Prosecuting Attorney, for appellee.

---

***Per Curiam.*** In his propositions of law, Forsyth asserts that the court of appeals erred in dismissing his mandamus action. For the following reasons, Forsyth's contentions lack merit.

First, Forsyth's claim for a writ of mandamus to prohibit Judge Brigner from enforcing his order is, in fact, a request for a prohibitory injunction, which the court of appeals lacked jurisdiction to grant. *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 426–427, 687 N.E.2d 283, 284.

Second, Judge Brigner acted within his discretion in limiting Forsyth's access to the domestic relations court, given Forsyth's myriad of meritless filings. See *Smith v. Ohio Dept. of Human Serv.* (1996), 115 Ohio App.3d 755, 759, 686 N.E.2d 320, 323, discretionary appeal not allowed (1997), 78 Ohio St.3d 1439, 676 N.E.2d 1186.

Finally, any error by Judge Brigner in issuing the order or failing to conduct an evidentiary hearing on Forsyth's 1998 motion to vacate his 1995 divorce decree can be adequately resolved by appeal. See, *e.g., State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656–657, 646 N.E.2d 1110, 1112–1113 (trial court retains jurisdiction to grant relief from judgment and extraordinary writ will not issue because error in ruling on motion may be adequately raised on appeal); *Smith* (issue of propriety of order preventing further filings raised in appeal).

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.