JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent judge to rule on the motion for correction or modification of the record pursuant to App.R. 9 (E) which relator filed in State v. Hunter, Cuyahoga County Court of Common Pleas Case Nos. CR-333785 and 335201 on July 21, 1997.
Respondent has filed a motion for summary judgment or to dismiss. Respondent argues that it does not have a duty to act.
A review of the dockets in Case Nos. CR-333785 and 335201 reflects that a journal entry denying relator's motion for correction or modification of the record was received for filing by the clerk on July 30, 1997. Respondent argues that this action in mandamus is, therefore, moot. We agree.
Relator also requests that this court compel respondent to make specific corrections to the record. A trial court's decision regarding a motion under App.R. 9 (E) to correct or modify the record is within the discretion of that court. State v. Schiebel
(1990), 55 Ohio St.3d 71, 82, 564 N.E.2d 54, certiorari deniedSchiebel v. Ohio (1991), 499 U.S. 961, 111 S.Ct. 1584,113 L.Ed.2d 649.
 Mandamus does not lie to review judicial decisions. To do so would be to interfere with judicial discretion, which mandamus may not do, even if the judicial discretion is grossly abused. State ex rel. Ney V. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914.
State ex rel. Brown v. Mayor, Village of Linndale (Feb. 12, 1998), Cuyahoga App. No. 72713, unreported, at 3.
In State ex rel. Delgado v. Court of Common Pleas (Feb. 5, 1998), Cuyahoga App. No. 73341, unreported, we held that mandamus was inappropriate.
 To the extent that [relator] seeks to complete the record in his appellate case, Appellate Rule 9 (E) provides a complete and adequate remedy. State ex rel. Hester v. Crush (1996), 75 Ohio St.3d 563, 664 N.E.2d 930; State ex rel. Fant v. Trumbo (1986), 22 Ohio St.3d 207, 489 N.E.2d 1316.
Id. at 5-6. See also State ex rel. Metro Builders Inc. v. Jones
(Dec. 14, 1995), Cuyahoga App. No. 69566, unreported, 5-6.Schiebel, supra, demonstrates that review of a trial court's decision on a motion to correct or modify the record under App.R. 9 (E) is by way of appeal.
Furthermore, indigency status is denied. Relator's conclusory statement that "I have presently * * * no means of financial support and no assets of any value and, therefore, cannot afford to pay for any legal services, fees or costs in the above-styled case" does not demonstrate an inability to provide security for this action as required in Loc.App.R. 45 (A). See generally Smithv. Ohio Dept. of Rehab. Corr. (1995), 107 Ohio App.3d 713,669 N.E.2d 342. See also Thornton v. Sears Optical (May 19, 1999), Cuyahoga App. No. 76238, unreported; Thornton v. Sears Optical
(May 19, 1999), Cuyahoga App. No. 76239, unreported; State exrel. Woods v. Boyle (May 19, 1999), Cuyahoga App. No. 76328, unreported.
Relator shall deposit the sum of $100.00 with the clerk of court pursuant to Loc.App.R. 45 (a) within ten days of the date of this entry. The clerk of court shall indicate on the record when the security for costs is deposited.
Accordingly, respondent's motion for summary judgment or to dismiss is granted. Relator to pay costs.
Writ denied.
 ANN DYKE, J., CONCURS.
 ___________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE