OPINION
Defendant-appellant, inmate Eddie J. Fair, appeals the judgment of the Franklin County Court of Common Pleas denying his motion for leave to proceed in forma pauperis.
In March 1990, appellant was convicted of aggravated murder, murder, aggravated robbery and kidnapping. The trial court sentenced appellant to two terms of imprisonment for ten to twenty-five years and one term of imprisonment for thirty years to life, and ordered the sentences to run consecutively.
On October 13, 1998, appellant filed a post-conviction proceeding asking the trial court to modify his sentence. Simultaneously, appellant filed a motion for leave to proceed informa pauperis, which included an affidavit of indigency. Appellant filed the motion and affidavit in lieu of paying filing fees and depositing money for costs. The trial court denied both motions.
Appellant does not appeal the trial court's decision to deny his motion to modify his sentence. However, as noted above, appellant appeals the trial court's decision to deny his motion for leave to proceed in forma pauperis and assigns one assignment of error, as follows:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ACCEPTING APPELLANT'S MOTION FOR FILING UNDER THE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND THEN DENYING THE IN FORMA PAUPERIS STATUS IN CONNECTION WITH THE DENIAL OF THE UNDERLYING MOTION.
In his assignment of error, appellant asserts that the trial court improperly denied his motion for leave to proceed informa pauperis. According to appellant, absent an indication that the litigant is not indigent, a trial court is precluded from denying a motion for leave to proceed in forma pauperis when the clerk of courts accepts the in forma pauperis motion in conjunction with an underlying motion in lieu of filing fees and a deposit for costs. We disagree.
An appellate court reviews a trial court's decision to deny a motion for leave to proceed in forma pauperis under an abuse of discretion standard. Eubank v. Doneghy_(June 9, 1989), Lucas App. No. L-88-193, unreported.
A party files an affidavit of indigency with a motion for leave to proceed in forma pauperis in lieu of paying filing fees and depositing money against costs. See Loc.R. 9.02 of the Court of Common Pleas of Franklin County, General Division; see, also, Eubank. The affidavit of indigency sets forth appellant's financial situation. Eubank.
Generally, the filing of a motion for leave to proceedin forma pauperis with an affidavit of indigency does not automatically excuse a party from having costs assessed against him or her. See McMillian v. Westfall (Dec. 29, 1993), Lorain App. No. 92CA005515, unreported. Rather, such a filing permits a party to proceed with the litigation of his or her claim without paying filing fees or posting a deposit for costs. Id. The trial court has the authority to review the motion and determine whether the affidavit of indigency warrants a waiver of court fees.Eubank.
The above analysis is consistent with Loc.R. 9.02 of the Court of Common Pleas of Franklin County, General Division, which provides that, once a party files a motion for leave to proceed informa pauperis with an affidavit of indigency, costs shall be postponed until the trial court makes a final determination as to whether the affidavit warrants a waiver of fees.
Accordingly, we conclude that, absent an abuse of discretion, a trial court has the authority to deny a motion for leave to proceed in forma pauperis and, therefore, assess costs, including filing fees, against a party when the trial court concludes that the affidavit of indigency does not warrant a waiver of costs even though the clerk of courts accepted the informa pauperis motion and the affidavit of indigency in lieu of filing fees and a deposit against costs.
In this case, appellant filed a motion to proceed informa pauperis, along with an affidavit of indigency. This filing merely permitted appellant to proceed with his cause without paying filing fees or posting a deposit for costs at the time of filing. However, the trial court had the authority to review appellant's motion for leave to proceed in forma pauperis along with the affidavit of indigency. Accordingly, absent an abuse of discretion, the trial court had the authority to deny appellant's motion for leave to proceed in forma pauperis and, therefore, could properly assess costs, including filing fees, against appellant if the trial court concluded that appellant's affidavit of indigency did not warrant a waiver of fees.
Having so concluded, we next determine whether the trial court abused its discretion in denying appellant's motion for leave to proceed in forma pauperis. In general, courts waive filing fees and costs of indigent individuals in order to promote the interests of justice. In re Sindram (1991), 498 U.S. 177,179, rehearing denied 498 U.S. 1116; see, also, Smith v. OhioDept. of Rehab. and Corr. (1995), 107 Ohio App.3d 713, 715
(assessing court costs to an inmate who filed a claim against the state, along with an affidavit of indigency in lieu of costs where the inmate received $18 a month from the state and was found to have access to funds necessary to pay the required costs).
As noted above, we acknowledge that, upon reviewing a motion to proceed in forma pauperis, the court must determine whether an affidavit of indigency sufficiently justifies the waiver of court fees. Eubank.
In this case, the affidavit of indigency, under review by the trial court, did not detail appellant's financial situation nor did it explain why appellant would be unable to pay costs in this action. Therefore, we conclude that the affidavit of indigency was insufficient to warrant the waiver of court fees. Accordingly, based on the reasons noted above, we conclude that the trial court did not abuse its discretion in denying appellant's motion for leave to proceed in forma pauperis.
In so concluding, we acknowledge that, after the trial court denied appellant's motions, appellant submitted to our court a second affidavit of indigency setting forth more specifically his financial situation. This affidavit was submitted during the appeal of this case and does not properly supplement the affidavit submitted to the trial court. Thus, we will not consider the second affidavit when making our decision.
Accordingly, while we will not speculate as to whether the trial court's decision would have been different had this information been before it, we note that there was no abuse of discretion given what was properly before the trial court. Therefore, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
YOUNG and PETREE, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty pursuant to Civ.R. 6(C), Article IV, Ohio Constitution.