[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 585.]

THE STATE EX REL. FORSYTH, APPELLANT, *v.* BRIGNER, JUDGE, APPELLEE.

[Cite as *State ex rel. Forsyth v. Brigner*, 1999-Ohio-191.]

*Mandamus sought to compel domestic relations division judge to rescind order preventing relator from filing pleadings with the clerk of the trial court without the judge's prior approval—Dismissal of complaint affirmed.*

(No. 99-599—Submitted July 28, 1999—Decided September 22, 1999.)

APPEAL from the Court of Appeals for Montgomery County, No. 17591.

———————————

{¶ 1} In December 1998, appellant, M. Wayne Forsyth, filed a complaint in the Court of Appeals for Montgomery County for a writ of mandamus to compel appellee, Domestic Relations Division Judge V. Michael Brigner, to rescind his October 25, 1993 order preventing Forsyth from filing pleadings with the clerk of the trial court without Judge Brigner's prior approval, and to compel an evidentiary hearing on Forsyth's 1998 motion to vacate an alleged void judgment in Forsyth's divorce case. After Judge Brigner filed a motion to dismiss, the court of appeals granted the motion and dismissed the case. Given Forsyth's numerous mandamus actions to attack the trial court's judgment of divorce, the court of appeals denied *in forma pauperis* status for Forsyth for all future original actions filed in that court relating to his divorce case.

{¶ 2} This cause is now before the court upon an appeal as of right.

———————————

*M. Wayne Forsyth, pro se*.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *John F. Krumholtz*, Assistant Prosecuting Attorney, for appellee.

———————————

**Per Curiam.**

{¶ 3} We affirm the judgment of the court of appeals based on our decision in Forsyth's appeal in a recent mandamus case in which he raised the same claims. *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 71, 711 N.E.2d 684.

{¶ 4} We also agree that by filing numerous original actions to challenge the same rulings by Judge Brigner, Forsyth has abused his *in forma pauperis* status. As the United States Supreme Court observed in *In re Sindram* (1991), 498 U.S. 177, 179-180, 111 S.Ct. 596, 597-598, 112 L.Ed.2d 599, 604-605:

"[T]he Court waives filing fees and costs for indigent individuals in order to promote the interests of justice. The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. * * * The risks of abuse are particularly acute with respect to applications for extraordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system. Under the circumstances of this case, we find it appropriate to deny *in forma pauperis* status to petitioner in this and all future petitions for extraordinary relief." (Citation omitted.) See, also, *State ex rel. Richard v. Cuyahoga Cty. Commrs.* (1995), 100 Ohio App.3d 592, 654 N.E.2d 443; *Karmasu v. Wilkinson* (1996), 115 Ohio App.3d 737, 686 N.E.2d 309.

{¶ 5} Based on the foregoing, we affirm the judgment of the court of appeals. We also order that the Clerk of this court not accept for filing any additional appeals or original actions from Forsyth unless accompanied by the

docket fee and security deposit required by S.Ct.Prac.R. XV.  See *Smith v. Serva-Portion, Inc.* (1997), 78 Ohio St.3d 1504, 679 N.E.2d 5; *In re Guess* (1996), 75 Ohio St.3d 1515, 665 N.E.2d 684; S.Ct.Prac.R. XIV(5).[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

1.  We deny Forsyth's request for oral argument.  He has not established any of the factors that might warrant oral argument.  *State ex rel. Lee v. Trumbull Cty. Probate Court* (1998), 83 Ohio St.3d 369, 371, 700 N.E.2d 4, 7.