[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 260.]

**EVANS, APPELLANT, *v.* KLAEGER, APPELLEE.**

**[Cite as *Evans v. Klaeger*, 1999-Ohio-55.]**

*Habeas corpus petition challenging trial court's judgment ordering the final allocation of parental rights and responsibilities in a divorce action— Dismissal of petition affirmed.*

(No. 99-1313—Submitted November 3, 1999—Decided December 1, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-297.

———————————

{¶ 1} In 1996, in a divorce action filed by appellant, Charles R. Evans, against appellee, Christina Klaeger, f.k.a. Evans, the trial court granted Klaeger temporary custody of the parties' minor child. In 1998, the trial court entered judgment granting permanent custody of the parties' child to Klaeger.

{¶ 2} In March 1999, Evans filed a petition in the court of appeals for a writ of habeas corpus against appellees, Klaeger and the state of Ohio, to provide "permanent injunctive relief for the unconstitutional deprivation of Petitioner's protected liberty right to equal legal custody and companionship" of the child. Evans challenged the constitutionality of R.C. 3109.04 and Civ.R. 75(M), as well as the trial court's judgment ordering the final allocation of parental rights and responsibilities. Evans did not verify his petition. After appellees filed motions to dismiss the petition, the court of appeals granted the motions.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Charles R. Evans, pro se.*

———————————

*Per Curiam.*

{¶ 4} Evans asserts that the court of appeals erred in dismissing his habeas corpus action. For the following reasons, Evans's assertion is meritless.

{¶ 5} Habeas corpus relief is the exception rather than the general rule in child custody actions, and the writ will ordinarily be denied if there is an adequate remedy in the ordinary course of the law. *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99, 666 N.E.2d 1091, 1094. Evans is not entitled to the writ because he has or had an adequate legal remedy by appealing the trial court's permanent allocation of parental rights in his divorce action. See, *e.g.*, R.C. 3109.04(H), providing for an appeal from decisions granting or modifying a decree allocating parental rights and responsibilities for the care of children.

{¶ 6} In addition, Evans was not entitled to habeas corpus relief because the petition he filed in the court of appeals did not comply with the pleading requirements of R.C. 2725.04, *i.e.*, his petition was not verified. *Holloway v. Clermont Cty. Dept. of Human Serv.* (1997), 80 Ohio St.3d 128, 132, 684 N.E.2d 1217, 1220.

{¶ 7} Further, even assuming, as Evans contends, that Klaeger's motion to dismiss was not timely filed, the court of appeals properly dismissed the matter based on the state's motion. The court would also have been entitled to dismiss Evans's action *sua sponte* because it was obviously without merit. See *State ex rel. Thompson v. Spon* (1998), 83 Ohio St.3d 551, 553, 700 N.E.2d 1281, 1282.

{¶ 8} Finally, to the extent that Evans requested prohibitory injunctive relief, the court of appeals lacked jurisdiction to grant it. See *State ex rel. Forsyth v. Brigner* (1999), 86 Ohio St.3d 71, 72, 711 N.E.2d 684, 685.

{¶ 9} Based on the foregoing, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————————

1. We also deny Evans's request for oral argument. Evans has not established that oral argument is necessary for the resolution of his appeal. *State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 286, 690 N.E.2d 1273, 1276.