DECISION
James W. Daugherty, plaintiff-appellant, appeals the August 2, 2000 and September 13, 2000 judgments of the Ohio Court of Claims. In the August 2, 2000 judgment, the Court of Claims dismissed appellant's action pertaining to the Licking County Department of Human Services ("Licking County DHS"), denied appellant's motion for summary judgment, and denied his motion for default judgment. In the September 13, 2000 judgment, the Court of Claims dismissed appellant's action against the only remaining defendant, the Ohio Department of Human Services ("Ohio DHS"), defendant-appellee, pursuant to Civ.R. 41(B).
Appellant is incarcerated at the Hocking Correctional Facility. On December 21, 1999, appellant filed a complaint in the Court of Claims against the Licking County DHS for:
 * * * false, malicious statements against the plaintiffs [sic] character and well being in numerous hearings and motions for the custody and support of plaintiffs [sic] children. They presented wrongful defamatory lies that the plaintiff was incarcerated at present for the crime of murder and that he murdered his daughters [sic] grandmother, for judicial influence and decision.
The written and verbal statements indicating that appellant was incarcerated for murder were made by representatives of the Licking County DHS and a Licking County prosecuting attorney during the course of judicial proceedings for the permanent commitment of custody of appellant's two daughters. However, instead of murder, appellant was convicted of manslaughter with regard to his mother. Appellant requested damages of $2,000,000 for injury to his "fatherly character and person," mental anguish, paranoia, fear of personal safety, public hatred and ridicule, disgrace, and "destruction of employment." Appellant attached an affidavit of indigency to his complaint.
On January 19, 2000, pursuant to L.C.C.R. 3(B), the Court of Claims ordered appellant to pay within thirty days either the $25 filing fee or file another affidavit of indigency accompanied by a cashier's statement detailing any monies in his institution accounts from prison labor or otherwise. On February 2, 2000, appellant filed another affidavit of indigency and cashier's statement. Also on February 2, the Licking County DHS filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. The Licking County DHS also claimed absolute privilege. Although the state of Ohio was not specifically named in the original complaint, the state was served with appellant's complaint and filed an answer. On February 18, 2000, appellant filed a motion to amend his complaint in order to add the Ohio DHS as a party. On March 27, 2000, the state filed an answer to appellant's amended complaint, denying any new allegations contained therein. On June 12, 2000, appellant filed a motion for summary judgment. On July 21, 2000, appellant filed a motion for default judgment.
On August 2, 2000, the Court of Claims issued a judgment dismissing appellant's action pertaining to the Licking County DHS, denied appellant's motion for summary judgment, and denied his motion for default judgment. The Court of Claims further ordered that appellant pay the $25 filing fee within thirty days. Appellant attempted to appeal the August 2, 2000 entry, but his appeal was found to be premature. Appellant paid $4 of the filing fee on August 23, 2000. The Court of Claims issued a letter informing appellant that it was accepting the $4 as partial payment of the $25 fee, but the balance of $21 must be paid on or before September 1, 2000, as ordered in the August 2, 2000 judgment. Appellant failed to pay the remaining balance, and on September 13, 2000, the Court of Claims dismissed the action against the Ohio DHS pursuant to Civ.R. 41(B). Appellant attempted to make another payment of $4 on September 18, 2000, but the Court of Claims returned the check because the action had already been dismissed. Pursuant to App.R. 3(A), the previous premature appeal was treated as filed on the date of the final judgment, September 13, 2000. Appellant now appeals the judgments of the Ohio Court of Claims, asserting the following assignments of error:
 Appellant's First Assignment of Error The trial court committed harmful error in the wrongful dismissal of indigent appellant's claim for the inability to pay the complete amount of filing fee within 30 days, under Civ.R. 41(B)(1).
 Appellant's Second Assignment of Error The trial court committed harmful error in the wrongful dismissal of Human Service Department as defendants.
 Appellant's Third Assignment of Error The trial court committed error in overruling the Motions Of Summary Judgement [sic] And Default by the appellant[.]
Appellant claims in his first assignment of error that the trial court erred in dismissing his action because of his inability to pay the entire filing fee within thirty days. While courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, it is within the court's discretion whether indigency status is proper in a particular case. State v. Fair (Sept. 2, 1999), Franklin App. No. 98AP-1503, unreported. The trial judge may consider whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under the existing conditions. Wilson v. Ohio Dept. of Rehab. Corr.
(2000), 138 Ohio App.3d 239, 243.
In the present case, the trial court has not abused its discretion or infringed unconstitutionally on appellant's access to the court by requiring him to pay a modest filing fee. The Court of Claims reviewed the cashier's statement and affidavit of indigency and found appellant's circumstances did not warrant a waiver of the $25 filing fee. As this court has stated before in a similar case: "Appellant is currently incarcerated and, thus, living at taxpayer expense. He does earn a small monthly income. If appellant has a genuine claim which he wishes to present pro se, he can save his income to file it, as most other litigants are required to do." Smith v. Ohio Dept. of Rehab. Corr. (1995),107 Ohio App.3d 713, 715. In Smith, we found that the Court of Claims did not abuse its discretion in dismissing an inmate's claim when it held that the inmate's monthly income of $18 was sufficient to require the inmate to pay the $25 filing fee. Here, appellant's affidavit and cashier's statement indicate his average monthly deposits were more than the inmate's in Smith $22.46 per month during the previous six months. Thus, we cannot find the trial court erred in requiring appellant to pay the filing fee.
In its August 2, 2000 entry, the Court of Claims stated that appellant's claim would be dismissed if he failed to pay the filing fee within thirty days. Appellant paid only $4 to the Court of Claims within the following forty-two days, so the court dismissed his claim on September 13, 2000, pursuant to Civ.R. 41(B). Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Thus, pursuant to this rule, a trial court may dismiss an action if a plaintiff fails to comply with an order of the court. A trial court's ruling under Civ.R. 41(B) will not be reversed absent an abuse of discretion. Pembaur v. Leis (1982), 1 Ohio St.3d 89. Abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unconscionable, or unreasonable. Id. at 91. Because we have found the trial court did not err in requiring appellant to pay the full $25 filing fee, and because appellant failed to follow the court's order that he pay the fee within thirty days, the Court of Claims did not abuse its discretion in dismissing appellant's action against the Ohio DHS. Appellant's first assignment of error is without merit and is overruled.
Appellant argues in his second assignment of error that the trial court erred in dismissing Licking County DHS from the action. However, R.C.2743.02(E) mandates that "[t]he only defendant in original actions in the court of claims is the state." See, also, Smith v. Ohio Dept. of Rehab. Corr. (1995), 104 Ohio App.3d 210, 214 ("[O]nly state agencies and instrumentalities can be defendants in original actions prosecuted in the Ohio Court of Claims."). Thus, the Ohio Court of Claims does not have jurisdiction over an action involving a county department of human services. See R.C. 2743.01(A) and (B); Burr v. Stark Cty. Bd. of Commrs.
(1986), 23 Ohio St.3d 69, paragraph one of the syllabus ("Generally, Ohio's courts of common pleas have original jurisdiction over civil actions commenced against counties and their agencies."); Williams v.Ohio Dept. of Human Services (Dec. 12, 1995), Franklin No. 95API06-778, unreported (finding the Court of Claims does not have jurisdiction over a claim against a county agency). Therefore, appellant's second assignment of error is without merit and is overruled.
Appellant argues in his third assignment of error that the Court of Claims erred in overruling his motion for summary judgment and his motion for default judgment. Considering our treatment of appellant's first two assignments of error, appellant's third assignment of error is moot, and we decline to address it. See App.R. 12(A)(1)(c).
Accordingly, appellant's first and second assignments of error are overruled, his third assignment of error is rendered moot, and the judgment of the Ohio Court of Claims is hereby affirmed.
Judgment affirmed.
TYACK and LAZARUS, JJ., concur.