OPINION
Plaintiff-appellant Juliet A. Latimore [hereinafter appellant] appeals the May 21, 2001, Judgment Entry of the Stark County Court of Common Pleas which dismissed appellant's Notice of Appeal and Motion for Reconsideration of Administrative Appeal Decision as being improperly filed. Defendant-appellee is the Ohio Department of Job and Family Services [hereinafter appellee]. This case has been assigned to this court's accelerated docket.
 STATEMENT OF FACTS AND CASE
Appellant filed a Notice of Appeal and Motion for Reconsideration [hereinafter Complaint] on April 23, 2001, in the Stark County Court of Common Pleas. The Complaint was an appeal of an April 17, 2001, Ohio Department of Job and Family Service's "Administrative Appeal Decision." The Complaint concerned appellee's attempt to recover an over issuance of food stamps to appellant. Attached to the Complaint was an "Affidavit of Indigency." No filing fees or security for costs was provided.
On May 21, 2001, the trial court dismissed appellant's Complaint suasponte. The trial court found the Affidavit of Indigency did not bear a Judge's signature or certification granting appellant leave to file the Complaint without costs. Therefore, the trial court dismissed the Complaint as being improperly filed.
On May 29, 2001, appellant filed a Notice of Appeal with this court. Subsequently, appellee moved to dismiss the appeal. Appellee argued that the trial court's Order of Dismissal was not a final, appealable order since it appeared that the trial court's dismissal was intended to be without prejudice. Appellee contended that appellant was free to re-file the Complaint in the Court of Common Pleas. However, this court denied appellee's motion, finding that the trial court's Order of Dismissal did not indicate that the Complaint was dismissed "without prejudice."
It is from the May 21, 2001, Judgment Entry that appellant appeals. However, appellant does not present this court with a stated assignment of error, as is required by App. R. 16(A)(3). Upon review of appellant's Brief, it would appear that appellant seeks this court to rule upon her Complaint itself and grant her the relief sought in the Complaint. However, this court's review is limited to the issue of whether the trial court's dismissal of the Complaint was proper.
In dismissing appellant's Complaint, the trial court stated:
 This matter came before the Court upon the filing of the Complaint by the Plaintiff on April 23, 2001, in the Alliance Branch of the Stark County Clerk of Courts.
 Upon review of the Complaint and attached documentation, the Plaintiff's Affidavit of Indigency, although being properly notarized, does not bear a signature for the Judge's Certification granting Plaintiff leave to file said Complaint without costs, therefore, the Plaintiff's Complaint is hereby dismissed as being improperly filed.
A Court of Common Pleas may require an advance deposit for the filing of any civil action or proceeding. R.C. 2323.31. However, a plaintiff may file an affidavit in lieu of an advance deposit. "When a plaintiff makes affidavit of inability either to give security or a cash deposit to secure costs, the clerk shall receive and file the petition." R.C.2323.30; In accord, R.C. 2323.31. Stark County Local Rules also address the filing of a Complaint and security deposits for costs:
 (A) No civil action or proceeding shall be accepted by the Clerk for filing unless the party or parties offering the same for filing shall have first deposited a sum to secure the payment of the costs that may accrue in such action or proceeding, except as otherwise provided by law.
Local Gen. R. 20.02
 An affidavit of indigency filed in lieu of cash deposit must state the reasons for the inability to prepay costs and is subject to Court review at any stage of the proceedings. The filing of an affidavit of indigency pursuant to this rule is not determinative of whether a party will be assessed costs.
Local Gen. R. 20.05.
 This rule shall be subject to the provisions of Sections 2323.30-31 of the Ohio Revised Code.
Local Gen. R. 20.06
Therefore, pursuant to R.C. 2323.31 and Stark County Local Rules, appellant was required to deposit a sum to secure payment of costs or an affidavit of indigency. The affidavit of indigency must state the reasons for the inability to prepay costs and is subject to review by the Court of the Common Pleas at any stage of the proceedings. See Local Gen. R. 20.05. We see no requirement in the Revised Code nor Local Rules for a plaintiff to seek a Judge's certification prior to filing, as was required by the trial court in this instance. However, the trial court could review the affidavit of indigency and determine whether appellant could proceed without deposit of costs. Id.
In this case, the trial court did not specify by what authority it dismissed appellant's Complaint. Civil Rule 41(B)(1) permits a trial court to sua sponte dismiss a cause of action if the plaintiff fails to prosecute or comply with the Civil Rules or any court order.[1] This rule has been applied by other courts of appeal to situations in which a plaintiff has failed to provide security costs after being ordered to do so. Sullivan-Busman v. TRW (May 16, 1991), Cuyahoga App. No. 58432, unreported; Smith v. Ohio Department of Rehabilitation and Correction
(1995), 107 Ohio App.3d 713.[2]
Appellate review of such a dismissal pursuant to Civ. R. 41(B)(1) involves a determination of whether the court abused its discretion.Williams v. Banner Buick, Inc. (1989), 60 Ohio App.3d 128, 131 (citingSgro v. McDonald's Restaurant (1984), 21 Ohio App.3d 41; Apgar v. Lance
(June 27, 1988), Clinton App. No. CA87-12-030, unreported, 1988 WL 66999). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157.
Before dismissing, Civ. R. 41(B)(1) requires notice to the plaintiff. Pursuant to the plain language of Civ.R. 41(B)(1), a condition precedent to dismissal of an action for failure to prosecute is notice to the plaintiff or plaintiff's counsel of the court's intention to dismiss. Notice is an absolute prerequisite for dismissal for failure to prosecute. Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 2-3. The Ohio Supreme Court has consistently held that it is an abuse of discretion to dismiss an action pursuant to Civ. R. 41(B)(1) where no notice is given to the plaintiff or to plaintiff's counsel that the case would be dismissed. Cook v. Transamerica Ins. Serv. (1990), 70 Ohio App.3d 327,330 (citing, e.g., Levy v. Morrissey (1986), 25 Ohio St.3d 367, 368;Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 350). The purpose of this notice requirement is to afford the plaintiff the opportunity to explain, correct or to show why the case should not be dismissed. Id. It also "reflects a basic tenet of Ohio jurisprudence that cases should be decided on their merits." Id. (citing Perotti, 7 Ohio St.3d at 3).
We find that the trial court abused its discretion in dismissing appellant's Complaint. Therefore, the May 21, 2001, Judgment Entry of the trial court is reversed and this matter is remanded to the trial court to determine whether costs should be waived, pursuant to Local Gen. R. 20.05. If the trial court should find that costs should not be waived, the trial court is to provide appellant with notice of the impending dismissal and an opportunity to provide such security for costs.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and the matter is remanded back to the Common Pleas Court for further proceedings consistent with this Opinion. Costs to appellee.
Hon. Julie Edwards, P.J. Hon. Scott W. Gwin, J. Hon. Sheila Farmer, J. concurs.
[1] "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ. R. 41(B)(1).
[2] There is another statute that relates to a dismissal for want of payment of security costs. Revised Code 2323.33 requires that "[i]f security for costs is not given in a case mentioned in sections 2323.30
to 2323.32, inclusive, of the Revised Code, at any time before the commencement of the trial, on motion of the defendant, and notice to theplaintiff, the court shall dismiss the action, unless in a reasonable time, which it may allow, if security is given." (Emphasis added). It is unclear if the trial court was trying to apply this statute even though the dismissal was sua sponte and not on motion of appellee, the defendant. However, regardless of which means of dismissal the trial court sought to apply, notice to appellant was required before the dismissal could be granted.