[Cite as *State ex rel. Battin v. Scott*, 2016-Ohio-3343.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. James L. Battin, | : | |
| Petitioner, | : | |
| | : | No. 15AP-688 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Zach Scott, | : | |
| Respondent.] | : | |

## D E C I S I O N

### Rendered on June 9, 2016

**On brief:** *James L. Battin,* pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert,* for respondent.

### IN HABEAS CORPUS

LUPER SCHUSTER, J.

{¶ 1} Petitioner, James L. Battin, filed an original action challenging the amount of his bail, arguing that it is excessive and asking this court to issue a writ of habeas corpus and release him from custody.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court dismiss petitioner's request for a writ of habeas corpus. No objections have been filed to that decision.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of

fact and conclusions of law.  In accordance with the magistrate's decision, we dismiss petitioner's request for a writ of habeas corpus.

*Petition for a writ of habeas corpus dismissed.*

**TYACK and BRUNNER, JJ., concur.**

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. James L. Battin, | : | |
| Petitioner, | : | |
| v. | : | No. 15AP-688 |
| Zach Scott, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 18, 2016

*James L. Battin,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for respondent.

IN HABEAS CORPUS

{¶ 4} Petitioner, James L. Battin, has filed this original action challenging the amount of his bail, arguing that it is excessive, and asking this court to issue a writ of habeas corpus and release him from custody.

Findings of Fact:

{¶ 5} 1. On February 18, 2015, petitioner was indicted on one count of kidnapping and one count of rape, both with firearm specifications. The victim was petitioner's wife.

{¶ 6} 2. On February 20, 2015, Magistrate Lippe set petitioner's bond at $1,000,000 cash/surety, plus $20,000 recognizance with the condition that petitioner have no contact, either direct or indirect, with his victim.

{¶ 7} 3. On March 19, 2015, Judge Lynch considered defense counsel's request for a reduced bond; however, at that time, Judge Lynch refused to do so.

{¶ 8} 4. On June 10, 2015, Judge Lynch revisited the issue of petitioner's bond and agreed to reduce petitioner's bond to $750,000 cash/surety and $20,000 recognizance with the same conditions as before.

{¶ 9} 5. On July 17, 2015, petitioner filed this petition asking for a writ of habeas corpus alleging that his bond is excessive. Petitioner asserts that his bond has been set this high for one reason: because "petitioner is black."

{¶ 10} 6. At the request of the magistrate, respondent filed an answer on November 24, 2015.

{¶ 11} 7. The magistrate specifically notes that petitioner's petition is not verified as required by R.C. 2725.04.

Conclusions of Law:

{¶ 12} For the reasons that follow, it is this magistrate's decision that petitioner's petition for a writ of habeas corpus should be dismissed.

{¶ 13} R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action. R.C. 2725.04 provides:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> (A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;
>
> (B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;
>
> (C) The place where the prisoner is so imprisoned or restrained, if known;

> (D)  A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶ 14} In *Chari v. Vore,* 91 Ohio St.3d 323 (2001), the Supreme Court of Ohio reversed the Montgomery County Court of Appeals, which had granted a writ of habeas corpus to Krishan Chari.  The court found that Chari's petition was not verified and failed to state with particularity the extraordinary circumstances entitling him to habeas corpus relief.  Specifically, as it relates to Chari's failure to verify his petition, the court stated:

> First, Chari's petition did not satisfy the mandatory requirements of R.C. 2725.04, which requires that the petition be verified. In the absence of any statutory definition of the requisite verification, we must apply the word's usual, normal, or customary meaning. *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St. 3d 496, 499, 696 N.E.2d 1054, 1057; R.C. 1.42. "Verification" means a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." Garner, Black's Law Dictionary (7 Ed.1999) 1556; see, also, Webster's Third New International Dictionary (1986) 2543; *Youngstown Steel Door Co. v. Kosydar* (1973), 33 Ohio App. 2d 277, 280, 62 Ohio Op. 2d 420, 422, 294 N.E.2d 676, 679 ("Verification under oath bespeaks some further formal act or presence calculated to bring to bear upon the declarant's conscience the full meaning of what he does").
>
> Chari's habeas corpus petition did not contain any verification; therefore, the court of appeals should have dismissed it. See *Russell v. Mitchell* (1999), 84 Ohio St. 3d 328, 329, 703 N.E.2d 1249, 1249-1250; *Evans v. Klaeger* (1999), 87 Ohio St. 3d 260, 261, 719 N.E.2d 546, 547; *Sidle v. Ohio Adult Parole Auth.* (2000), 89 Ohio St. 3d 520, 733 N.E.2d 1115. In fact, not even his amended petition, which was filed after the writ was allowed and a return ordered, met the R.C. 2725.04 verification requirement because neither Chari nor his attorney expressly swore to the truth of the facts contained therein. See *State ex rel. Hebert v. McFaul,* 1998 Ohio App. LEXIS 2401 (June 4, 1998),

> Cuyahoga App. No. 74246, unreported, 1998 WL 289365 ("Although a notary public has signed and affixed a seal to the complaint, petitioner has not complied with the requirements for the form of an affidavit"); but, cf., Civ.R. 11.

*Id.* at 327-28.

{¶ 15} Because petitioner's petition does not contain any verification, this court should dismiss it.

/S/ MAGISTRATE _____
STEPHANIE BISCA

### NOTICE TO THE PARTIES

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).